[Civ. No. 12875. Second Appellate District, Division Two.—November 20, 1940.]

ALONZO BURDGE, Petitioner, v. THE SUPERIOR COURT OF VENTURA COUNTY et al., Respondents.

548

A. W. Brunton for Petitioner.

B. W. Kemper and S. J. Silverman for Respondents.

WOOD, J.—■ The action was commenced by petitioner against a number of defendants to quiet title to real estate. The trial of the action was commenced on January 12, 1940, and evidence was introduced. Before the conclusion of the trial it was stipulated by the parties that ''the matter would go off calendar to be re-set upon motion''. Thereafter, with the consent of the court, petitioner filed a supplemental complaint. The action was subsequently placed on the ·calendar for trial on September 14, 1940. At that time the case was· called and the judge refused to take any action towards disposing of the matter by trial or otherwise. Attached to the petition is a transcript of the proceedings of September 14, 1940. These are the last items appearing in the transcript: ''Mr. Brunton: As I understand it, we had a verbal agreement and that verbal agreement was not completed. The Court: You told me you had settled the case. The question is, how you settled it, by verbal agreement or otherwise. (Reading) 'We have agreed upon the terms and conditions of settlement, and we have only one thing that we cannot agree on, and that was the amount which would be fixed for costs'. We will just leave it where we find it. The court is not going to exist to be trifled and monkeyed with. There are other things to be done, and there is no use wasting the time of our courts in trying a situation like this. There is no evidence in any event to show that statement isn't just as good today as when it was made here. Mr. Brunton: May I be permitted to testify on it instead of a statement? The Court: I am not in position to advise you what to do about it. Mr. Brunton: Is the matter—(The court adjourns and leaves the Bench).''

The proceedings of January 12, 1940, were taken down by the court reporter and a transcript of the reporter's notes is attached to the petition. From this transcript it appears that the parties had orally agreed upon all the terms of settlement of the litigation except that they had not agreed upon the amount to be paid for costs as a condition of the continuance. There was a wide difference between the contentions of the parties on this point, varying from $25 to $600. The parties so informed the court but did not inform the court as to the

terms of the settlement. When the matter was again called by the court on September 14 counsel for petitioner informed the court that notwithstanding the efforts which had been made a settlement had never been concluded and that serious differences had arisen concerning the terms of the settlement in addition to the differences concerning the matter of costs.

It is apparent that the parties did not at any time reach a complete agreement for the settlement of the litigation. Those terms which had been agreed upon were not reduced to writing and the court was not informed of their nature when the trial was continued. Efforts to agree upon a settlement of litigation out of court are to be commended, but where such efforts fail of fruition the litigants can rightfully demand that the trial proceed to judgment. (*Times-Mirror Co.* v. *Superior Court,* 3 Cal. (2d) 309, 327 [44 Pac. (2d) 547].)

Petitioner is entitled to the issuance of a peremptory writ of mandate compelling respondents to proceed with the trial of the action hereinabove referred to. Let the writ issue.

Moore, P. J., and McComb, J., concurred.